# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| Tonya Lacenere, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| Professional Finance Company, | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant | ) | |
| | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1. Plaintiff, Tonya Lacenere, is a natural person who resides in Cherokee County, Georgia.

2. Defendant, Professional Finance Company, is a corporation headquartered in Colorado but registered to do business in Georgia. Defendant may

1

be served with process via its registered agent, Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## JURISDICTION AND VENUE

3.This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.Venue is proper in the Atlanta Division because the Defendant maintains a Registered Agent in Gwinnett County, Georgia.

## FACTUAL ALLEGATIONS

7.Plaintiff is a 41-year-old woman with deteriorating health. She is disabled, unable to engage in competitive employment, and is in the process of obtaining disability insurance benefits through the Social Security Administration.

8. Plaintiff is allegedly obligated to pay a consumer debt arising out of medical services and is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant is a collection agency specializing in the collection of consumer debt.

10. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. On July 7th, 2021, the Plaintiff obtained a copy of her credit file as published by TransUnion, a major credit reporting bureau.

14. At that time, she noted a tradeline being reported by the Defendant as in collection which she did not recognize. Per the tradeline, the Defendant is collecting a debt for RMC Stringfellow in the amount of $754.00 for alleged medical services. A reproduction of this tradeline appears below:

```
PROFESSIONAL FINANCE CO #94262**
PO BOX 1686
GREELEY, CO 80631
(855) 267-7451
Placed for collection:  07/01/2020         Balance:           $754              Pay Status:   >In Collection<
Responsibility:         Individual Account Date Updated:      06/27/2021
Account Type:           Open Account       Original Amount:   $755
Loan Type:              COLLECTION         Original Creditor: RMC STRINGFELLOW
                        AGENCY/ATTORNEY    Past Due:          >$754<
Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 05/2024
```

15. Defendant's communication of this information to TransUnion was in furtherance of its efforts to collect this debt from the Plaintiff.

16. On August 2nd, 2021, the Plaintiff called the number for Defendant as published on her TransUnion report. At that time, she was connected with an individual identifying themselves as "Kearsley."

17. After verifying the Plaintiff's identity, the Defendant confirmed that it was collecting an amount on behalf of RMC Stringfellow, but that the balance was $803.36 as opposed to the $754.00 being reported to Plaintiff's credit file.

18. The Plaintiff advised the Defendant that she did not recognize this debt, that she did not know who RMC Stringfellow was, and that she never lived at the address the Defendant had on record.

19. The Plaintiff asked if the account had incurred fees or interest. The Defendant responded that the account had accrued interest of $48.49. The call ended shortly thereafter.

20. On April 15th, 2022, the Plaintiff again accessed her credit file as reported by TransUnion. In reviewing that report she noted that as of April 10th, 2022, the Defendant again reported the account with RMC Stringfellow as in collection and with an unpaid balance of $754.00. The pertinent portions of this tradeline are reproduced below.



21.     Identical information was communicated by the Defendant to Equifax, another major credit reporting agency.

22. As before, Defendant's communications of this information to the credit reporting bureaus was in furtherance of its efforts to collect this debt from the Plaintiff.

23. At this point, the Plaintiff suffered from a great deal of confusion as to the balance that was being claimed. She did not know if it was the $754.00 listed on her credit report or the significantly higher figure given to her by the Defendant verbally.

24. She could not determine if the account was accruing interest. Defendant verbally represented that it was, but its communications with TransUnion and Equifax indicate that it is not.

25. The inconsistent representations of Defendant hindered the Plaintiff's prioritization of her debt.

26. Upon information and belief, the medical services that were allegedly provided to the Plaintiff occurred in Alabama. Alabama provides for prejudgment interest to be awarded as damages by a court of law. See, Ala. Code § 8-8-1 (2018).

27. The application of prejudgment interest is not a given and must be awarded by a court after the admission of evidence supporting such an award.

28. Defendant's representation of a balance that included interest not yet awarded was false and materially misleading.

## INJURIES-IN-FACT

29. Defendants acts and omissions caused particularized harm to the Plaintiff in that the false and misleading information provided by Defendant hindered the Plaintiff from making the necessary decisions regarding the prioritization of her debt. In addition, the false and misleading representations by the Defendant caused the Plaintiff to waste time and worry about the nature of the debt and its status.

## DAMAGES

30. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

    a.) Being subjected to false, deceptive, and unfair debt collection practices;

    b.) Confusion related to the Defendant's credit reporting practice that adversely impacted the Plaintiff's ability to prioritize debt payments when they were possible;

    c.) Uncompensated time expended away from activities of daily living to confer with counsel regarding the Defendant's collection efforts;

    d.) The Defendant has made representations and communications to third parties in connection with its efforts to collect the debt from the Plaintiff that are akin to defamation, and that falsely represented the Plaintiff's debt income ratio.

e.) Anxiety and worry caused by concern that Plaintiff was being called upon to pay an improper and concern that Defendant was intending to engage in false credit reporting. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

*Violations of 15 U.SC. § 1692e and its subparts*

31. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

32. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

33. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt

collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

34. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

35. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

36. The Defendant's false representations regarding accumulation of interest obscure the status and amount of the debt in collection and impairs the Plaintiff's decision-making with respect to which delinquent accounts she should address, and in what order.

37. Defendant's representations regarding the accumulation and addition of interest were a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10).

38. The Defendant representations to both TransUnion and Equifax of the total debt owed was objectively false and materially misleading and a violation of 15 U.S.C. §§ 1692e, and 1692e(8).

39. Alternatively, the Defendant's representations to the Plaintiff as the amount owed, being markedly different than that which it communicated to third parties, was a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10).

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
O.C.G.A. § 10-1-390, et seq.

40. Plaintiff incorporates by reference paragraphs 1 through 40 as though fully stated herein.

41. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

42. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

43. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

44. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

45. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

46. Defendant's conduct has implications for the consuming public in general.

47. Defendant's conduct negatively impacts the consumer marketplace.

48. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

49. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

50. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

51. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

52. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

53. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 7th day of June, 2022.

[Signatures follow]

**BERRY & ASSOCIATES**

<u>*/s/ Matthew T. Berry*</u>
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*